UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENRICO SALVATORE,<br><br>    Plaintiff,<br><br>    v.<br><br>VIKING SPORT CRUISERS, INC.<br>d/b/a VIKING YACHT COMPANY,<br><br>    Defendant. | Civil No. 09-4817 (NLH/KMW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**HILLMAN, District Judge**

This matter having come before the Court by way of Plaintiff Enrico Salvatore's motion [Doc. No. 86] to alter the judgment entered in this case to include an award of prejudgment interest; and

The Court noting that Defendant did not file opposition to Plaintiff's motion, and that the time for filing opposition has expired; and

The Court recognizing that "[f]ederal courts sitting in diversity must apply state law with respect to prejudgment interest[,]" Gleason v. Norwest Mortg., Inc., 253 F. App'x 198, 203 (3d Cir. 2007) (citing Jarvis v. Johnson, 668 F.2d 740, 746 (3d Cir. 1982); and

The Court further recognizing that New Jersey Court Rule 4:42-11(b) governs the calculation of prejudgment interest in tort actions in New Jersey, see Gleason, 253 F. App'x at 204, and

provides in pertinent part that "the court shall, in tort actions, ... include in the judgment simple interest, calculated as hereafter provided, from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, .... Prejudgment interest shall not, however, be allowed on any recovery for future economic losses. Prejudgment interest shall be calculated in the same amount and manner provided for by paragraph (a) of this rule..."; and

    The Court noting that pursuant to Rule 4:42-11(a)(ii), (iii) "the annual rate of interest shall equal the average rate of return, to the nearest whole or one-half percent, for the corresponding preceding fiscal year terminating on June 30, of the State of New Jersey Cash Management Fund ... as reported by the Division of Investment in the Department of the Treasury[,]"; and

    The Court also finding that pursuant to Rule 4:42-11(b), Plaintiff is entitled to prejudgment interest on the entirety of the $154,372.34 judgment entered in his favor because this judgment did not include any recovery for future economic losses; and

    The Court further finding that Plaintiff is entitled to prejudgment interest from the date on which the complaint in this action was filed — September 17, 2009 — until the date that

judgment was entered — October 10, 2012;[1] and

Plaintiff seeking an award of prejudgment interest in the amount of $14,928.06 as calculated pursuant Rule 4:42-11; and

The Court having reviewed the motion and Plaintiff's calculations of the amount of prejudgment interest allegedly due; and

The Court having independently calculated the amount of prejudgment interest which should be awarded pursuant to Rule 4:42-11; and

The Court recognizing that Plaintiff utilized the accurate and applicable interest rates for prejudgment interest required by Rule 4:42-11 as published by the Civil Practice Division of the New Jersey Judiciary such that the interest rates for the relevant years are: four percent (4%) for 2009, one and a half percent (1.5%) for 2010, and one half of a percent (0.5%) for 2011 and 2012, see Post-Judgment and Pre-Judgment Interest Rates Chart, Revised Oct. 2, 2012, *available at* http://www.judiciary.state.nj.us/civil/PostPre-JudgmentRates.pdf; and

The Court also finding that because the judgment entered in

---

1. The Court notes that the original judgment entered on October 10, 2012 was amended on October 19, 2012 to correct a clerical error pursuant to Federal Rule of Civil Procedure 60(a). However, for purposes of this motion, October 10, 2012, and not October 19, 2012, serves as the operative date when judgment was first entered with respect to the calculation of prejudgment interest under Rule 4:42-11(b).

Plaintiff's favor was entered after September 1, 1996 and exceeds the $15,000 monetary limit for the Special Civil Part of the New Jersey Superior Court, Plaintiff correctly added a rate of two percent (2%) per annum to each of the above mentioned interest rates, see New Jersey Court Rule 4:42-11(a)(iii); and

The Court noting that Rule 4:42-11(b) requires the inclusion of simple interest in a judgment in a tort action, which is calculated using the formula, $I = P \cdot r \cdot t$, where $I$ represents the total simple interest, $P$ represents the principal, $r$ represents the interest rate expressed as a decimal, and $t$ represents the time in years; and

Plaintiff asserting that for the year 2009 he is entitled to $2,663.85 in prejudgment interest based on interest that accrued during the 105 days from the filing of the complaint until the end of 2009; but

The Court having conducted its own calculations under the formula above to determine that the total interest due for 2009 is actually $2,664.50;[2] and

Plaintiff also asserting that for the year 2010 he is entitled to $5,403.03 in prejudgment interest; and

---

2. Using the formula for simple interest, the principal here is the amount of judgment ($154,372.34), the interest rate for 2009 is six percent (6%), and the time in years is the number of days interest accrued during 2009 (i.e., 105 days) divided by the total number of days in the year (i.e., 365 days). Accordingly, $154,372.34 • .06 • (105/365) = $2,664.50.

The Court noting that Plaintiff's calculation regarding the amount of prejudgment interest for 2010 is consistent with the Court's independent calculation of this amount of interest;[3] and

Plaintiff further asserting that for the year 2011 he is entitled to $3,859.30 in prejudgment interest; but

The Court having conducted its own calculations under the formula above to determine that the total interest due for 2011 is actually $3,859.31;[4] and

Plaintiff also asserting that for the year 2012 he is entitled to $3,001.88 in prejudgment interest based on interest that accrued during the 284 days from the beginning of 2012 until judgment was entered on October 10, 2012; but

The Court having conducted its own calculations under the formula above to determine that the total interest due for 2012 is actually $2,994.67;[5] and

---

3. Using the formula for simple interest, the principal here is the amount of judgment ($154,372.34), the interest rate for 2010 is three and a half percent (3.5%), and the time in years is the number of days interest accrued during 2010 (i.e., 365 days) divided by the total number of days in the year (i.e., 365 days). Accordingly, $154,372.34 • .035 • (365/365) = $5,403.03.

4. Using the formula for simple interest, the principal here is the amount of judgment ($154,372.34), the interest rate for 2011 is two and a half percent (2.5%), and the time in years is the number of days interest accrued during 2011 (i.e., 365 days) divided by the total number of days in the year (i.e., 365 days). Accordingly, $154,372.34 • .025 • (365/365) = $3,859.31.

5. Using the formula for simple interest, the principal here is the amount of judgment ($154,372.34), the interest rate for 2012 is two and a half percent (2.5%), and the time in years is the number of days interest accrued during 2012 (i.e., 284 days)

The Court finding that Plaintiff is entitled to a total award of prejudgment interest in the amount of $14,921.51 based on the sum of the prejudgment interest for each of the respective years as set forth above.

Accordingly,

IT IS on this   7th   day of    December   , 2012, hereby

**ORDERED** that Plaintiff's motion to alter the judgment to include prejudgment interest [Doc. No. 86] shall be, and hereby is **GRANTED**; and it is further

**ORDERED** that the Judgment in this case [Doc. No. 89] shall be, and hereby is, amended to include an award of prejudgment interest in the amount of **$14,921.51,** bringing the total amount of Plaintiff's judgment to **$169,293.85.**


   /s/ Noel L. Hillman   
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

divided by the total number of days in the year, noting that 2012 is a leap year (i.e., 366 days).  Accordingly, $154,372.34 • .025 • (284/366) = $2,994.67.